NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

SUSAN MELEANA GODDARD, *Appellant.*

No. 1 CA-CR 17-0365
FILED 4-17-2018

Appeal from the Superior Court in Mohave County
No. S8015CR201601086
The Honorable Billy K. Sipe, Jr., Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Mohave County Legal Advocate's Office, Kingman
By Jill L. Evans
*Counsel for Appellant*

**MEMORANDUM DECISION**

Presiding Judge Lawrence F. Winthrop delivered the decision of the Court, in which Judge Jennifer B. Campbell and Judge Paul J. McMurdie joined.

**W I N T H R O P**, Presiding Judge:

¶1            Susan Meleana Goddard ("Appellant") appeals her misdemeanor convictions and probation for two counts of assault by domestic violence and one count of disorderly conduct by domestic violence.  Appellant's counsel has filed a brief in accordance with *Smith v. Robbins*, 528 U.S. 259 (2000); *Anders v. California*, 386 U.S. 738 (1967); and *State v. Leon*, 104 Ariz. 297 (1969), stating she has searched the record on appeal and has found no arguable question of law that is not frivolous.  Appellant's counsel therefore requests that we review the record for fundamental error.  *See State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999) (stating that this court reviews the entire record for reversible error).  This court allowed Appellant to file a supplemental brief *in propria persona*, but Appellant has not done so.

¶2            We have appellate jurisdiction pursuant to the Arizona Constitution, Article 6, Section 9, and Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1) (2016), 13-4031 (2010), and 13-4033(A) (2010).[1] Finding no reversible error, we affirm.

## FACTS AND PROCEDURAL HISTORY[2]

¶3            Appellant and her husband, D.G., have five children, including A.G., who was twelve years old on both July 9, 2016 — the date of the incident — and at the time of trial, and C.G., who was fifteen years old on the date of the incident and sixteen years old at the time of trial.  On the date of the incident, the family was living in Mohave County, and their electricity had been turned off.  They were accessing a neighbor's electrical outlet for some power, but their air conditioning did not work, and the family was in a bad mood because of the extreme heat.

¶4            Appellant and D.G. went to the bank to get some money, but the bank was closed, so they went to the home of a friend to borrow money. While there, Appellant drank "a couple of shots" of alcohol.  After obtaining the money, Appellant and D.G. left and went shopping,

---

[1]     We cite the current version of all applicable statutes because no revisions material to this decision have occurred since the date of the offenses.

[2]     We view the facts in the light most favorable to sustaining the verdict and resolve all reasonable inferences against Appellant.  *See State v. Kiper*, 181 Ariz. 62, 64 (App. 1994).

purchasing toilet paper, cigarettes, and a bottle of vodka. Upon arriving home, Appellant drank some of the vodka.

**¶5**　　　Appellant and D.G. decided to watch a movie in their bedroom. Appellant became angry, however, after D.G. rubbed a glass of ice water against her leg. An argument between them ensued, with Appellant yelling and screaming at D.G. Appellant also tried to hit D.G. with her fist, but he avoided the blow.

**¶6**　　　The argument spilled over into the living room, and C.G. stepped out of his bedroom and into the living room after hearing the commotion. Appellant and C.G. began arguing, and Appellant threw a large decorative rock and a picture frame from the wall at C.G., causing the frame's glass to break.

**¶7**　　　Appellant also physically attacked C.G., punching and scratching him on the chest and arms. D.G. tried to intervene, but Appellant also hit and scratched him.

**¶8**　　　Appellant then went outside and attempted to drive away in the family's truck, but because Appellant had been drinking, D.G. disconnected the truck's battery. When Appellant could not start the truck, she returned to the house.

**¶9**　　　Meanwhile, A.G. had stepped out of a room and into the hallway to find out what was happening. As Appellant passed by A.G. on the way to her bedroom, she shoved him and hit him on the cheek. Appellant closed the bedroom door, and when D.G. opened it, Appellant threw a lamp at him, causing the lamp to break.

**¶10**　　　D.G. told C.G. to call the police, and C.G. called 911. In the meantime, Appellant left the home and went to a neighbor's residence.

**¶11**　　　Mohave County Sheriff's Deputy Rogers responded to the call and, after speaking with other family members, located Appellant at the neighbor's home. Deputy Rogers directed Appellant to his patrol vehicle and advised her of her rights pursuant to *Miranda*.[3] Appellant initially claimed she did not remember much of what occurred, but eventually admitted consuming alcohol, and the officer observed she had several signs and symptoms of intoxication and appeared frustrated. Appellant also admitted to the deputy that she and C.G. had argued, and the argument had turned "physical" and eventually also involved D.G. She claimed,

---

[3]　　　*Miranda v. Arizona*, 384 U.S. 436 (1966).

however, that other family members had attacked her, causing her to leave her home. She denied assaulting A.G., but admitted going into her bedroom and throwing the lamp.

¶12      A grand jury charged Appellant with Count 1, aggravated assault by domestic violence upon A.G., a class 6 felony, in violation of A.R.S. §§ 13-1203(A)(2) (2010), 13-1204(A)(6) (Supp. 2017), and 13-3601 (Supp. 2017); Count 2, assault by domestic violence by intentionally placing C.G. in fear of imminent physical injury, a class 2 misdemeanor, in violation of A.R.S. §§ 13-1203(A)(2) and 13-3601; Count 3, assault by domestic violence by intentionally placing D.G. in fear of imminent physical injury, a class 2 misdemeanor, in violation of A.R.S. §§ 13-1203(A)(2) and 13-3601; and Count 4, disorderly conduct by domestic violence, a class 1 misdemeanor, in violation of A.R.S. §§ 13-2904(A)(1) (2010) and 13-3601.

¶13      At trial, Appellant admitted drinking a small amount of alcohol before the incident. She further admitted swinging her fists at both D.G. and C.G., but denied hitting either of them, and explained her actions against C.G. by claiming he had called her profane names. She eventually admitted the scratches on C.G. were from her fingernails and "scuffling" had occurred, but claimed she was the only one hit. She also admitted throwing the lamp and the rock, but denied throwing them at anyone, and again denied assaulting A.G.

¶14      As to Count 1, the trial court held a jury trial, and as to Counts 2 through 4, the court held a bench trial. The jury acquitted Appellant of Count 1, but the court convicted her as charged of Counts 2 through 4. The court placed Appellant on concurrent terms of two years' supervised probation for all counts. Appellant filed a timely notice of appeal.

**ANALYSIS**

¶15      We have reviewed the entire record for reversible error and find none. *See Leon*, 104 Ariz. at 300; *Clark*, 196 Ariz. at 537, ¶ 30. The evidence presented at trial was substantial and supports the verdicts. Appellant was represented by counsel at all stages of the proceedings and was given the opportunity to speak at sentencing. The proceedings were conducted in compliance with her constitutional and statutory rights and the Arizona Rules of Criminal Procedure.

¶16      After filing of this decision, defense counsel's obligations pertaining to Appellant's representation in this appeal have ended. Counsel need do no more than inform Appellant of the status of the appeal and of her future options, unless counsel's review reveals an issue

appropriate for petition for review to the Arizona Supreme Court.  *See State v. Shattuck*, 140 Ariz. 582, 584-85 (1984).  Appellant has thirty days from the date of this decision to proceed, if she desires, with a *pro per* motion for reconsideration or petition for review.

## CONCLUSION

¶17        Appellant's convictions and probation are affirmed.

